08-5920-cr
USA v. Hysko (Muja)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

Present:    GUIDO CALABRESI,
            ROBERT A. KATZMANN,
                        *Circuit Judges*,
            DENNY CHIN,
                        *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                    No. 08-5920-cr

ASLLAN MUJA, also known as OZ, also known as OZY,

                *Defendant-Appellant*.

_____

For Defendant-Appellant:        RANDA D. MAHER, Great Neck, N.Y.

For Appellee:                   AMIR H. TOOSSI, Assistant United States
                                Attorney (Emily Berger, Assistant United States
                                Attorney, *on the brief*), *for* Benton J. Campbell,
                                United States Attorney for the Eastern District
                                of New York, Brooklyn, N.Y.

---

[*] The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Asllan Muja appeals from a September 16, 2008 Order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) denying Muja's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Rule 33 permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Where, as here, a defendant moves for a new trial based on newly discovered evidence, a defendant must show "that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980). District courts "must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances," *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quotation marks omitted), and we review a district court's decision to exercise that authority for abuse of discretion. *United States v. Polouizzi*, 564 F.3d 142, 159 (2d Cir. 2009).

The "newly discovered evidence" that forms the basis of Muja's motion for a new trial consists of an affidavit submitted by co-conspirator Taulant Hysko, averring that he (Hysko) met Muja for the first time in June 2002 at the Federal Correctional Institution in Otisville, New York. Muja argues that this evidence compels a new trial, because it contradicts a testifying witness's testimony and undermines the government's overall theory of the case.

2

As the district court held, however, this evidence cannot be considered "newly discovered" evidence within the meaning of Rule 33 because Muja had the "same awareness" as Hysko that the two had never met. Indeed, it is now well settled that "[o]ne does not 'discover' evidence after trial that one was *aware of* prior to trial." *United States v. Owen*, 500 F.3d 83, 89-90 (2d Cir. 2007) (emphasis in original). Thus, where, as here, "a defendant knew or should have known that his codefendant could offer material testimony as to the defendant's role in the charged crime, his inability to procure that testimony before or during trial should not be redressed by granting the defendant a new trial when the codefendant asserts his willingness to exculpate the defendant after the original trial is over." *Id.* at 92.

Although Muja argues that there is no basis upon which to conclude that Hysko's statement was available before or during Muja's trial, Muja plainly was aware (or should have been aware) that Hysko was an indicted co-conspirator, and that he (Muja) did not know Hysko during the pendency of the charged conspiracy, thus demonstrating that the facts contained in Hysko's affidavit were not in any way "newly discovered." Muja also contends that because Hysko was represented by counsel and detained in a separate facility, neither Muja nor his attorney could have obtained Hysko's statement with due diligence. It is well established, however, that a co-defendant's mere unavailability cannot transform evidence that "existed all along" into "newly discovered" evidence. *United States v. Jacobs*, 475 F.2d 270, 286 n.33 (2d Cir. 1973) (Friendly, *J.*); *see Owen*, 500 F.3d at 89.

Nor has Muja demonstrated that the evidence in question is material, non-cumulative, and would likely result in an acquittal. *United States v. Gallego*, 191 F.3d 156, 161 (2d Cir. 1999), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). To the contrary, Hysko's affidavit does not affirmatively exculpate Muja, but instead merely avers that the two

3

did not meet until June 2002. This fact has little (if any) bearing on the conspiracy charges, because the government was not required to "prove that the defendant knew the identities of all of the other conspirators." *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008). Muja's relationship (or lack thereof) with Hysko likewise bears little relevance to the substantive charges brought against him. Moreover, although Muja contends that Hysko's statement calls into question the reliability and truthfulness of one of the government's testifying witnesses, at best, such evidence merely would have given defense counsel an additional ground for impeachment. Because "new impeachment evidence is *not* material, and thus a new trial is *not* required when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable," *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996) (emphasis in original) (quotation marks omitted), Hysko's statement cannot form a valid basis for the grant of a new trial under Rule 33.

In short, because the evidence in question here was not "newly discovered" within the meaning of Rule 33, and because, in any event, Muja has failed to demonstrate that the evidence is material, not cumulative, and that admission of the evidence would likely lead to acquittal, we affirm the district court's denial of Muja's motion.

We have considered all of Muja's remaining arguments, including those made in his *pro se* submission, and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK